IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Demetrius Raynard McIlwain. | ) | Case No. 3:20-cv-4136-CMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheriff Lee Boan; Agent Brad Lawson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 42), filed November 29, 2021. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial matters. Because Plaintiff is proceeding *pro se*, a *Roseboro* Order was mailed to Plaintiff, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 44. Plaintiff's response to Defendants' motion was due by January 4, 2022, plus the three additional days because Plaintiff was served by mail. On January 13, 2022, the Magistrate Judge entered an Order directing Plaintiff to advise the court whether he wished to continue with this case and file a response to the motion for summary judgment with 14 days of the entry of that order. ECF No. 53. Plaintiff was specifically warned his failure to respond could result in dismissal with prejudice for failure to prosecute. *Id.* at 1-2. Plaintiff did not file a response.

On February 3, 2022, the Magistrate Judge entered a Report recommending this action be dismissed for failure to prosecute and that the pending motion be terminated as moot. ECF No. 56. Objections to the Report were due February 17, 2022, plus three mailing days. *Id.* No objections have been received, and the deadline has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the applicable law, the record, and the Report of the Magistrate Judge, the court finds no clear error. Plaintiff failed to file a response to Defendants' Summary Judgment motion or objections to the Report. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference and this matter is dismissed with prejudice for failure to prosecute.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 1, 2022

---

[1] Defendant's motion for summary judgment (ECF No. 42) is dismissed as moot.